THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 03, 2011



Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:   EBONY N. MORROW,                    Case No. 11-34203-pp

                Debtor.                      Chapter 7

**ORDER IMPOSING PENALTIES, FINDING CIVIL CONTEMPT AND ENJOINING GAYNOR MORRISON FROM ACTING AS A BANKRUPTCY PETITION PREPARER UNTIL FURTHER ORDER OF THE COURT**

On October 12, 2011, the Court issued an Order to Show Cause Why Petition Preparer Gaynor Morrison Should Not Be Sanctioned for Failure to Comply with the Bankruptcy Code. The order required Gaynor Morrison to appear on Wednesday, November 2, 2011 at 2:00 p.m. in Room 149 of the federal courthouse, to show cause why the Court should not impose sanctions for his failure to comply with the laws governing bankruptcy petition preparers. The Court, through the Bankruptcy Noticing Center, sent Gaynor Morrison a copy of this order by first-class mail on October 14, 2011. No one filed an objection to the order. The Court sent the order to the address listed for Gaynor Morrison on the petition.

The Court held the hearing on November 2, 2011. Gaynor Morrison did not appear. Amy J. Ginsberg, counsel for the United States Trustee, did appear. At the hearing, the Court considered the facts of this case and other cases in which the name Gaynor Morrison has appeared as petition preparer, as well as the arguments of the United States Trustee. The Court found that the $125 fee that Gaynor Morrison charged the debtor exceeded the value of any services Gaynor Morrison might have provided the debtor. The Court found that Gaynor Morrison had failed to comply with 11 U.S.C. § 110(h)(1)(2), which requires a petition preparer to file with the Court a disclosure of the fees paid the preparer for services provided in the case. The Court also found that Gaynor Morrison violated 11 U.S.C. § 110(c)(1), which requires an individual petition preparer to place the preparer's Social Security number on the documents; the Social Security number that appeared on the documents in this case does not belong to anyone named Gaynor Morrison. Finally, the Court found that Gaynor Morrison's failure to appear at the November 2, 2011 hearing constituted civil contempt, for wilful failure to obey a court order.

For these reasons, and for reasons set forth in detail on the record, the Court hereby **ORDERS**:

1. That Gaynor Morrison shall, within thirty (30) days of this order, refund to debtor Ebony Morrow the sum of one-hundred twenty-five dollars ($125), the amount the paperwork indicates that the debtor paid Gaynor Morrison for his petition preparer services. 11

U.S.C. § 110(i)(1)(A).

2. That Gaynor Morrison shall, within thirty (30) days of this order, pay to the debtor the sum of five-hundred dollars ($500), as a fine for violating the provisions of 11 U.S.C. § 110.  11 U.S.C. § 110(i)(1)(B).

3. That Gaynor Morrison shall, within thirty (30) days of this order, pay to the United States Trustee for the Eastern District of Wisconsin, a fine in the amount of five-hundred dollars ($500) for his failure to provide the correct identifying number, as required by 11 U.S.C. §§ 110(c)(1) and (c)(2)(A).

4. That Gaynor Morrison shall, within forty-five (45) days of the date of this order, file with the Court a certification or affidavit proving that he has paid the sums ordered above, or face further sanctions for contempt of court.

The Court further **ORDERS** that for failing to comply with the requirements of § 110–specifically, for using a false Social Security number in the petition preparer certifications–Gaynor Morrison is hereby **BARRED** from providing petition preparer services of any kind in the Eastern District of Wisconsin until he appears before the Court and (1) explains why the Social Security number on the debtor's petition is not his Social Security number; and (2) provides the Court with his correct Social Security number.  Only when this Court has issued an order lifting this bar may Gaynor Morrison prepare

3

bankruptcy petitions in this District once more.

The Court hereby **CERTIFIES** these factual findings to the District Court for consideration of whether it should impose sanctions on Gaynor Morrison for criminal contempt. The Court **ORDERS** that the Clerk of the Bankruptcy Court is to transmit the record in this case to the District Court.

# # # # #

4